Good morning, your honors. Scott Peterson on behalf of the petitioner. The issue here is a petitioner was deported in absentia and a motion to reopen and rescind the removal was timely filed but denied and appealed to the Board of Immigration Appeals which upheld the denial. Our contention is that the motion to reopen should not have been denied because of two reasons. That the petitioner was on notice of the hearing and that the failure to appear was because of exceptional circumstances. In this case, the notice of the removal hearing was supplied via U.S. mail and petitioner contends that he never got the notice of the hearing. Well, the problems really started, it appears, when he did not appear himself at the April hearing. Is that correct? That's correct. Is there any reason or explanation on the record as to why he did not appear in person then? I was not his attorney at that time, so I don't think there is none on the record. Well, isn't that kind of a problem because it means his non-appearance in June was reasonably understood by the I.J. simply to be a continuation of his non-responsiveness. And because he wasn't there in April, he couldn't receive personal service or notice as to when the new hearing would be. That's kind of our state of affairs, isn't it? Yes, that's correct. Is there any evidence as to, well, go on. Additionally, we could consider that an exceptional circumstance, not receiving his notice in the mail. Again, that's something beyond the Petitioner's control. I think we've all received someone else's mail, and usually we return it. But what evidence do we have of that? I mean, I think the BIA noted in its order that the Petitioner hadn't even submitted a sworn affidavit alleging the non-delivery. Is that the case? Yes. Petitioner was. So we have a record with no evidence whatsoever of non-delivery. On that record, how do we grant relief? It would be tough. Therefore, I rest my case. You can save the balance of your time for rebuttal. And we'll hear from the Attorney General. May it please the Court. Good morning. My name is Jesse Buse, and I represent the Attorney General. This is a case involving a removable alien who failed to appear at the prior proceeding and was ordered removed in absentia.    that the Petitioner's contention was not proper. There's no evidence to support Petitioner's contention that service by mail was not proper in this case. I would further note that that issue was not even exhausted before the court. What does the record show with respect to service? The record establishes that the hearing notice in this case for the – there was a hearing notice that was issued on the April 12, 2007 hearing, which Petitioner did not attend despite having been given personal service of the hearing notice for that hearing at a prior hearing. The notice indicates that it was served by mail upon Petitioner and served by personal service upon the government, who, of course, did appear at that hearing. The Petitioner did not attend that January, the subsequent hearing, and was ordered removed in absentia. So there's – the hearing notice itself shows that it was mailed to him, and he hasn't – Mailed where? It was mailed to his address of record, the 1915 Irving. Are you talking about the June hearing or the April hearing? I'm sorry. He didn't appear at the June – or at the April hearing. And at that hearing, proceedings were continued. A hearing notice was sent out on June 12, 2007. What is the evidence in the record that there was actual mailing of the June notice, June hearing notice? That would be the certificate of service on the hearing notice that was issued on April 12, 2007 for that June hearing. The April 12 notice listed the June hearing? Yes. The hearing notice that scheduled the hearing for June that was issued on April 12, yes, the certificate of service on that notice indicated that it was served by mail on Petitioner and by personal service. And that was done after he failed to appear at the first hearing? After he failed to appear at the second hearing in this case, Your Honor. Because he appeared at his first hearing. Right. He was given personal service of the April hearing. Did not appear at that hearing. It was sent over again. To June. To June. And he failed to appear there. And the record with respect to the notice of the June hearing shows that it was mailed to where? To his address of record, the 1915, 1915. Last known address of record. His last known address and the address that he contended in the motion and on appeal that he still resided at. Was he represented by an attorney? At that point, I do not believe he was, Your Honor. He was pro se at that stage. There's evidence in the record that on at least one occasion the government mailed the notice to the wrong address, isn't there? I do not believe so, Your Honor. At no point during this entire process? I don't believe so. The hearing notices here were sent to that 1915 Irvin address. I'm not aware of any evidence in the record that there was a hearing notice sent to that address. Subsequent, the DIA reinstated this case at one point because its order had been   The problem there was that the alien or the petitioner has indicated that the inessential order was sent to his correct address. The problem was the denial of the motion to reopen was sent to a different address than his attorney. He was counseled at that time. Right. Sent to what the DIA acknowledged was the wrong address for his attorney. Correct, Your Honor. But there's no indication that any of the hearing notices that issue here were sent to anything other than the correct address. Well, there is one wrinkle with regard to the certificate of service you've referred to, because as I look at it, it appears to refer, I don't know if you have it with you, it's AR 114. Yes, Your Honor. And it's standard printed form at the bottom of the notice, and it says this document was served by, and then both mail and personal service are circled. Yes, Your Honor. Personal service seems pretty unlikely since he wasn't there in April. So what do we have here? Your Honor, if you look at the next line down, you will notice that it has boxes for both the alien and the government there. And if you look at that line, it says mail, and in parentheses there's an M. Ah. And in personal service, in parentheses, P. If you look at the next line, it says to alien, M, mail. And to what's identified as the INS, P, by personal service. And actually, I believe in this case, this Court's decision in Sembering, there was a similar issue. And that's the Court indicated in that case the certificate of service states this document was served by mail, personal service, the M is circled, and near the M is a handwritten date. So it acknowledges that that's the form that the certificate of service uses to indicate whether it was served by mail or personal service and upon which party that method of service was used. So the certificate of service is as ambiguous as Petitioner indicated in the opening brief. It was served by mail. Anything else you need to tell us? Unless the Court has any other questions, I'll rest. Thank you. You have time left for rebuttal. Thank you. Thank both counsel for your helpful arguments. The case just argued is submitted.
judges: Tunheim, Schroeder, Clifton